Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
Nada I. Shamonki (SBN 205359)
*NIShamonki@mintz.com*
2049 Century Park East
Suite 300
Los Angeles, California 90067
Telephone:      310.586.3200
Facsimile:      310.586-3202

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
Scott T. Lashway (*pro hac vice* application
    forthcoming)
*SLashway@mintz.com*
Matthew M.K. Stein (*pro hac vice* application
    forthcoming)
*MStein@mintz.com*
One Financial Center
Boston, Massachusetts 02111
Telephone:      617.542.6000
Facsimile:      617.542.2241

Attorneys for Defendants
ALARM.COM HOLDINGS, INC. and ALARM.COM,
INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD CASTILLO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>ALARM.COM HOLDINGS, INC. and ALARM.COM, INC.,<br><br>                    Defendants. | Case No. 24-579<br><br>**NOTICE OF REMOVAL**<br><br>Compl. Filed:      Feb. 29, 2024 |

- 1 -                                              NOTICE OF REMOVAL

**TO THE CLERK OF THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Alarm.com Holdings, Inc. and Alarm.com, Inc. (collectively, "Defendants"), by and through their counsel, remove the above-titled action (the "Action") to this Court from the Superior Court of the State of California, County of Sacramento, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.  This removal is based on the following grounds:

**I.     PROCEDURAL BACKGROUND**

1.     On February 29, 2024, Plaintiff Edward Castillo ("Plaintiff") filed the unverified putative class action complaint attached as **Exhibit A** in the Superior Court of the State of California, County of Sacramento, captioned *EDWARD CASTILLO, individually and on behalf of all others similarly situated v. ALARM.COM HOLDINGS, INC. and ALARM.COM, INC.*, Case No. 24CV003781 (the "Complaint").

2.     The Complaint alleges two causes of action for violation of the California Invasion of Privacy Act, under Cal. Penal Code §§ 631 and 632.

3.     Plaintiff served each Defendant with the Complaint on April 9, 2024.  Pursuant to 28 U.S.C. § 1446(a), **Exhibits B** and **C** contain "a copy of all process, pleadings, and orders served upon" Defendant Alarm.com Holdings, Inc. and Defendant Alarm.com, Inc., respectively, in this Action.

**II.     REMOVAL IS TIMELY**

4.     Title 28 U.S.C. § 1446 states:  "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" and that "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

5.      This Notice Of Removal is filed within thirty days of receipt of the Complaint and Summons:  Defendants were served with the Complaint and Summons on April 9, 2024.  *See* 28 U.S.C. § 1446(b)(2)(B).

6.      No previous Notice of Removal has been filed or made with this Court for the relief sought in this removal notice.

**III.      THIS COURT HAS ORIGINAL JURISDICTION**

7.      Removal is proper pursuant to 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the Action.  Title 28 U.S.C. § 1441 states:  "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Further, 28 U.S.C. § 1453 states: "A class action may be removed to a district court of the United States."

8.      This Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action (a) that is a class action with a putative class of at least 100 members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the amount placed in controversy by the Complaint exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d).[1]

**A.      This Action Is A Putative Class Action**

9.      This action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2). "Class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

10.      The Complaint seeks relief on behalf of a class under California Code of Civil Procedure § 382 (Compl. ¶ 48) and seeks class certification.  (*Id.* at 17.)

---

[1]      Defendants deny Plaintiff's factual allegations and deny that Plaintiff or the class he purports to represent, is entitled to the relief requested however, based on Plaintiff's allegations in the Complaint and his prayers for relief, all requirements for jurisdiction under CAFA has been met.

11.     California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are so numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."  Section 382 is a California state analog to Federal Rule of Civil Procedure 23. *See, e.g.*, *Huckleby v. Manpower, Inc.*, No. CV 10-5486 DSF (FFMx), 10 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010).

12.     The Complaint is styled as a class action.  (*E.g.*, Compl. at 1-2.)  Plaintiff seeks to represent a class defined to consist of "all California residents who called Alarm.com's customer service line while in California and whose conversations with Alarm.com were intercepted and recorded by Talkdesk and/or Envision."  (*Id.* ¶ 48.)  Each cause of action is alleged on a class-wide basis and seeks class-wide relief.  (*Id.* ¶¶ 56, 67, 69, 76.)

13.     This action is therefore a putative class action removable under 28 U.S.C. § 1332(d)(2).[2]

**B.     The Putative Class Has At Least 100 Members**

14.     There are at least one hundred members of the proposed class, as required by 28 U.S.C. § 1332(d)(5)(B).

15.     Plaintiff brings this putative class action and alleges that the class consists of "all California residents who called Alarm.com's customer service line while in California and whose conversations with Alarm.com were intercepted and recorded by Talkdesk and/or Envision."  (Compl. ¶ 48.)  Plaintiff alleges that that proposed class members "amount[s] to thousands, if not millions of persons."  (Compl. ¶ 50.)

16.     Thus, CAFA's requirement that the putative class consist of 100 or more individuals is satisfied.[3]

---

[2]     Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this Action can properly proceed as a class action.  Defendants do not concede that any of Plaintiff's allegations constitute a cause of action under applicable law.

[3]     Defendants do not concede that a class may be properly certified in this Action, or that any of the requirements of Rule 23 have been met or proven (including Rule 23(a)'s numerosity requirement).  Rather, Defendants offer these numbers solely to place certain facts before the

NOTICE OF REMOVAL

**C.    Diversity Of Citizenship Exists**

17.    There is minimal diversity between the parties, as required by 28 U.S.C. § 1332(d)(2).

18.    Plaintiff alleges he is a citizen of California.  (Compl. ¶ 8.)

19.    Defendant Alarm.com Holdings, Inc. is a citizen of Delaware and Virginia:  it is incorporated in Delaware, and its principal place of business -- its corporate headquarters -- is in Virginia.  28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 9.

20.    Defendant Alarm.com, Inc. is also a citizen of Delaware and Virginia:  it is also incorporated in Delaware, and its principal place of business is also in Virginia.  28 U.S.C. § 1332(c)(1); *see also* Compl. ¶ 10.

21.    Consequently, a member of the proposed plaintiff class is a citizen of a state (California) different from that of a defendant (Delaware and Virginia).

**D.    The Amount In Controversy Exceeds $5,000,000**

22.    The amount in controversy, aggregated from all putative class members (*see* 28 U.S.C. § 1332(d)(6)) exceeds $5 million.

23.    The Complaint seeks statutory damages under Cal. Penal Code § 632.7 of $5,000 per alleged violation of each of Cal. Penal Code §§ 631 and 632.  (Compl. ¶¶ 67, 76.)

24.    Because the Complaint alleges that the putative class "amount[s] to thousands," Defendants assume that the class, as alleged, contains at least 2,000 class members.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (the allegation "a class of 'thousands of persons'" implies "a logical minimum of 2,000 class members").  Assuming that the putative class has at least 2,000 members, and each putative class member called Alarm.com's customer service line at least once, the amount in controversy is at least $10,000,000.

---

Court that are relevant to evaluating whether the number of members of Plaintiff's putative class "is less than 100."  28 U.S.C. § 1332(d)(5)(B).

NOTICE OF REMOVAL

25.     Therefore, the amount in controversy with regard to Plaintiff's claimed statutory damages exceeds $5 million.[4]

## IV.     THIS COURT IS THE PROPER VENUE

26.     Finally, this Court is the proper venue.  28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  This Court is in the "district and division embracing" Sacramento County.  28 U.S.C. § 84(b).  Therefore, venue properly lies in this Court.

## V.     NOTICE

27.     Defendants will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the Action is pending, as required under 28 U.S.C. § 1446(d).

## VI.     CONCLUSION

28.     Based on the foregoing, Defendants request that this Action be removed to this Court.  If any question arises as to the propriety of the removal of this Action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: May 9, 2024

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

By: */s/ Nada I. Shamonki*
Nada I. Shamonki

Attorneys for Defendants
ALARM.COM HOLDINGS, INC. and
ALARM.COM, INC.

---

[4]     Defendants deny that either or both is liable to Plaintiff or the putative class, and that Plaintiff or the putative class is entitled to any damages.  Further, Defendants do not endorse anything herein as representing Plaintiff's or the putative class's "damages" or as representing a proper "measure of damages," or a proper time period for damages.  Defendants offer this data solely to place certain facts before the Court that are relevant to evaluating the amount that the Complaint -- with its broad allegations and broad class definition -- puts "in controversy."